UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERIK NATHANIEL WALKER,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN E. ARNOLD, et al.,<br><br>Defendants. | No. 2:19-cv-0185 TLN AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated below, the court will grant plaintiff's motion to proceed in forma pauperis. It will also dismiss the instant complaint with leave to amend. Finally, it will deny plaintiff's motion for the appointment of counsel which is also requested in the instant complaint.

I. IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

////

2

most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. PLEADING STANDARD

A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

IV. PLAINTIFF'S COMPLAINT

Plaintiff's complaint attempts to assert the same claim against four defendants. Plaintiff contends that on October 25, 2016, he was detained by defendant Fox in the laundry area of the prison, escorted to an office, and "read his rights for conspiring to introduce a controlled substance into a state facility." ECF No. 1 at 3. The next day, Fox and defendant Thomas, a supervisor, accused him of having tried to hide the contraband by covering it with laundry and plastic bags and by moving it up the conveyor belt. Id. at 3.

On December 29, 2016, plaintiff was found guilty of the charge, despite the facts that a video cleared him of any wrongdoing, and he had a sworn affidavit from another inmate in which that inmate took responsibility for the contraband. Id. at 3. The case was dismissed on July 16, 2018. Id. at 3.

Plaintiff makes no express claim of any violation of constitutional right. He appears to assert that he is entitled to compensation and other relief because he was found guilty of conspiracy despite the fact that exculpatory evidence demonstrated his innocence. He seeks punitive damages against each defendant in their individual and official capacities in the amount of $50,000.00, as well as compensatory damages against each defendant in their individual and official capacities in the amount of $50,000.00. He also asks that defendant Lee be demoted and that defendants Fox and Thomas be terminated "for the roles they played in this grave miscarriage of justice." Id. at 4-5.

////

////

V.     DISCUSSION

   A.     Claims Against Defendants Lee and Arnold

Section 1983 claims must be pled with specificity. See Jones, 297 F.3d at 934 (personal participation requirement); see also Ortez, 88 F.3d at 809 (link between defendants' actions and deprivation suffered requirement). Plaintiff's complaint identifies Lieutenant J. Lee and Warden E. Arnold as defendants. See ECF No. 1 at 1, 3. However, it does not state which of plaintiff's constitutional rights were violated, nor does it describe any actions taken by defendants Lee and Arnold that violated them. See generally id. at 1-5. Plaintiff's allegations must demonstrate that each defendant personally participated in a deprivation of his rights. See Jones, 297 F.3d at 934. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

The complaint attaches over seventy pages of documents in support of plaintiff's claim. See ECF No. 1 at 6-83. If the attached documents establish that defendants Lee and Arnold personally participated in the violation of plaintiff's constitutionally protected rights, it is plaintiff's responsibility to locate that information and present it to the court in a short and plain statement. See generally Fed. R. Civ. P. 8(a)(2) (requiring short, plain statement indicating pleaser is entitled to relief). It is the court's mandate to manage and dispose of cases in a just, speedy and inexpensive manner (see Fed. R. Civ. P. 1), and requiring plaintiff to identify his substantive claims against defendants Lee and Arnold from the documents he has provided serves that goal. Accordingly, plaintiff will be given the opportunity to amend his complaint in order to do so.

   B.     Claims Against Defendants Fox and Thomas

In the complaint, plaintiff claims that in October 2016, defendant Fox detained him and then escorted him to the program office where his rights were read to him. See ECF No. 1 at 3. Thereafter, he was accused by both defendant Fox and defendant Thomas of trying to cover up

contraband. Id. at 3. Months later, plaintiff was found guilty by a senior hearing officer, despite the existence of an exculpatory video and declaration. See id. at 3. Neither the rights plaintiff believes were violated nor resulting harm are alleged in the pleading. See id. at 1-5.

Plaintiff's precise claims against defendants Fox and Thomas are unclear. It appears that plaintiff is taking issue with the disciplinary proceedings process at his institution, specifically, that exculpatory information that could have been used to exonerate plaintiff was not used during the disciplinary proceedings and/or was ignored by prison officials. See generally id. at 3-5.

These allegations do not state a cognizable claim of a violation of constitutional right. "A prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). Plaintiff makes no claim that he was deprived of a protected liberty interest by defendants Fox and Thomas. He points out that he was found guilty, but he speaks of no resulting punishment or harm that arises to the level of a deprivation of a protected liberty interest. See generally ECF No. 1 at 3-5. Nor does plaintiff allege that defendants who conducted the disciplinary hearing which deprived him of a protected liberty interest failed to first provide him with the procedural protections guaranteed him in Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974).[1] For these reasons, plaintiff's claims against defendants Fox and Thomas as currently pled are not cognizable. Plaintiff will, however, be given the opportunity to amend the complaint with respect to these defendants as well.

VI.     MOTION TO APPOINT COUNSEL

Plaintiff has requested the appointment of counsel. See ECF No. 1 at 5. In support of the motion, he states that the complexity of his case warrants a grant of his request. See id.

The United States Supreme Court has ruled that district courts lack authority to require

---

[1] The Wolff procedural due process requirements are: (1) advance, written notice of violation; (2) provision of at least 24 hours to prepare for committee appearance; (3) written statement of fact-finding; (4) the right to present witnesses and evidence where it would not be unduly hazardous to institutional safety; (5) an impartial decision-making body, and (6) assistance if inmate is illiterate or if issues are complex. Wolff, 418 U.S. at 564-70; see generally Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984). These requirements protect prisoners from "arbitrary actions extinguishing their privileges." Hanrahan, 747 F.2d at 1140 (citation omitted).

counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

In the present case, the court does not find the required exceptional circumstances. First, there appears to be a singular claim in this case lodged against four defendants. The claim is not complex, and as it has been presented to the court at this point, it is not cognizable. As such, the motion is premature. More importantly, plaintiff has demonstrated that he has an ability to adequately articulate his claims pro se in light of the level of complexity of the legal issues involved. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). For these reasons, plaintiff's request for the appointment of counsel will be denied.

VII.   OPTIONAL LEAVE TO AMEND

Plaintiff will be given the opportunity to amend his complaint. The court will dismiss the instant complaint without prejudice, and if plaintiff chooses to amend, the newly filed complaint will take its place. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (stating amended complaint supersedes original complaint). Any amended complaint filed should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is

7

filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (9th Cir. 2012).

VIII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your complaint has not made any cognizable claims against any of the four named defendants. Your claims against defendants Fox and Thomas are unclear, and they do not indicate that they personally did specific acts that ultimately deprived you of your constitutional rights. If you choose to amend your complaint, you must identify the specific constitutional rights you believe were violated, and you must state how defendant Fox and defendant Thomas each personally participated in violating those rights.

As for defendants Lee and Arnold, the complaint makes no specific, actionable claims against them. If you intended to claim that defendants Lee and Arnold should be held liable for your wrongful conviction based upon their positions as supervisors, these are not claims upon which you may receive Section 1983 relief. For defendants Lee and Arnold to be liable in a Section 1983 action, as with defendants Fox and Thomas, you must allege that they each personally took specific steps that deprived you of specific rights guaranteed to you under the Constitution. Blanket, general and/or speculative statements about them because they were on duty or were employed with the prison at the time in question are not enough, nor are statements implying that they are liable because they were supervising the prison or the other named defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, filed September 17, 2018 (ECF No. 2), is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

appropriate agency filed concurrently herewith;

    3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend;

    4. Within thirty days of the date of service of this order, plaintiff shall file a first amended complaint. Failure to file an amended complaint within the time allotted may result in the dismissal of this action for failure to prosecute, and

    5. Plaintiff's motion for the appointment of counsel requested within the instant complaint (see ECF No. 1 at 5) is DENIED.

DATED: April 8, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE