UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERIK NATHANIEL WALKER,<br><br>Plaintiff,<br><br>v.<br><br>E. ARNOLD, et al.,<br><br>Defendants. | No. 2:19-cv-0185 TLN AC P<br><br><br><br>ORDER |

Plaintiff has filed a second motion requesting the appointment of counsel.[1] ECF No. 21. Plaintiff states that he cannot afford a lawyer, as evidenced by the fact that he has been granted in forma pauperis status in this action. See id. at 1. He also states that his incarceration will greatly limit his ability to litigate his case given that it will involve substantial investigation and discovery. See id. at 1-2. The complexity of the issues in the case, his inexperience as a civil litigant, as well as the fact that at trial, the appointment of counsel would help him present evidence and cross-examine witnesses, are other reasons he contends that his request for counsel should be granted. See id. at 2.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490

---

[1] Plaintiff's first request for the appointment of counsel was contemporaneously made within his complaint filed on September 17, 2018. See ECF No. 1 at 5.

1

U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

Neither plaintiff's indigence, nor his lack of experience with the practice of law warrant the appointment of counsel. See, e.g., Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained he had limited access to law library and lacked legal education); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (upholding district court's denial of appointment of counsel to indigent litigant who had no background in practice of law, yet who had thoroughly presented issues in pleading). Furthermore, to date, plaintiff has adequately presented his claims to the court, despite the complexity of the issues involved. For these reasons, the court does not find the required exceptional circumstances, and plaintiff's second motion for the appointment of counsel will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel, filed July 10, 2019 (ECF No. 21), is DENIED.

DATED: September 30, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE