UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERIK NATHANIEL WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>E. ARNOLD, et al.,<br><br>    Defendants. | No. 2:19-cv-0185 TLN AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. The matter has been referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Now before this court is plaintiff's first amended complaint ("FAC"). ECF No. 20. For the reasons stated below, plaintiff will be given a final opportunity to amend.

    I.    <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

////

1

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## II. First Amended Complaint

The FAC names as defendants the following officials and employees at California State Prison – Solano ("CSP – Solano"): Warden E. Arnold; Lieutenant J. Lee, a correctional officer; K. Fox, a correctional officer in the prison's Investigative Service Unit; and A. Thomas, a supervisor in CSP – Solano's laundry department. ECF No. 20 at 2-4. The claims stem from contraband being found in the CSP-Solano laundry room in October 2016 while plaintiff was working there. Id. at 4-5. Plaintiff appears to contest both defendants' issuance of a rules violation report against him in the Fall of 2016 and their handling of the subsequent disciplinary hearing. Plaintiff was ultimately found guilty of having violated prison rules, consequently stripped of various privileges, and prosecuted criminally. Id. at 4-12. The criminal case was dismissed for lack of evidence in July 2018. Id. at 11.

In addition to the harms of lost privileges and criminal charges, plaintiff contends that he experienced mental duress and pain and suffering caused by (1) transportation to court every sixty to ninety days in belly chains and ankle restraints for a period of almost fifteen months, and (2) placement in administrative segregation until the end of his court proceedings. ECF No. 20 at 14-15. Plaintiff further asserts that defendants' falsification of evidence and withholding of exculpatory evidence also contributed to his pain and suffering and mental duress. Id. at 15.

## III. Failure to State a Claim

### A. Claim One: Eighth Amendment

In Claim One, plaintiff contends that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by (1) continuing to investigate the contraband incident despite knowing that he was innocent; (2) deliberately reporting information they knew to be untrue; (3) using coercive tactics and suggestive procedures that they knew or should have known would yield false information, and (4) causing plaintiff mental duress and pain and suffering when, for almost fifteen months, they transferred him back and forth between institutions in belly chains and ankle restraints every sixty to ninety days and placed him in

administrative segregation until court proceedings had ended. ECF No. 20 at 12-14.

It is well-settled that claims based upon the falsity of charges and the impropriety of a defendant's involvement in a grievance procedure, standing alone, do not state constitutional claims. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). A prisoner has no constitutional right to be free from false accusations. Thus, filing a false disciplinary charge against an inmate is not actionable under Section 1983 where minimum procedural due process protections are provided. See Freeman v. Rideout, 808 F.2d 949, 951-52 (2nd Cir. 1986); see also Hanrahan v. Lane, 747 F.2d 1137. 1141 (7th Cir. 1984). Plaintiff's theory of "deliberate indifference to the truth," ECF No. 20 at 13, accordingly does not support an Eighth Amendment claim based on these facts. Neither the U.S. Supreme Court nor the Court of Appeals for the Ninth Circuit has ever applied the Eighth Amendment deliberate indifference standard in this context. Accordingly, plaintiff's Eighth Amendment claim against defendants for falsely accusing him and wrongfully punishing him are not cognizable, and any attempt to amend is likely to be futile.

As for plaintiff's allegations that he was transported to and from court in belly chains and ankle restraints every sixty to ninety days over a fifteen-month period, ECF No. 20 at 14, these facts do not establish an Eighth Amendment violation. The use of mechanical restraints such as leg manacles or waist chains in addition to handcuffs is not excessive or unreasonable. Spain v. Procunier, 600 F.2d 189, 198 (9th Cir. 1979). Additionally, courts must give great deference to the judgment of prison officials in the adoption and execution of policies which, in their judgment, are needed to preserve internal order and maintain security. See generally Bell v. Wolfish, 441 U.S. 520, 547 (1979). Moreover, plaintiff cannot recover for "mental distress and pain and suffering," ECF No. 20 at 14, unless he sustained some physical injury that was more than de minimus and was subjected to the excessive use of force. See 42 U.S.C. § 1997e ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"); Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) (plaintiff must show more than de minimus physical injury under PLRA); Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (more than de minimus use of force required for Eighth Amendment violation). For all these

reasons, the circumstances of plaintiff's transportation do not support an Eighth Amendment claim.

Finally, plaintiff's placement in administrative segregation over a fifteen-month period does not provide a basis for relief on Eighth Amendment grounds. Administrative segregation is not categorically prohibited by the Eighth Amendment, and the complaint lacks factual allegations describing any particular conditions of plaintiff's confinement in ad seg that deprived him "of the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). An alternative due process claim is also unavailable on the facts alleged in the petition. The placement of an inmate in administrative segregation in and of itself does not implicate a protected liberty interest. Sandin v. Conner, 515 U.S. 472, 486 (1995); Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003). Plaintiff has not shown that his administrative segregation placement was any different than that of others similarly situated, that the length and degree of it was out of the ordinary, or that the placement affected the duration of his sentence. See Serrano, 345 F.3d at 1078 (listing factors considered when determining if prison hardship is atypical and significant).

### B. Claim Two: Due Process

In Claim Two, plaintiff alleges that defendants violated his Fourteenth Amendment rights to due process by (1) falsifying documents that led to plaintiff's placement in administrative segregation, and (2) concealing and withholding evidence that demonstrated plaintiff's innocence regarding the laundry contraband incident. See ECF No. 20 at 14-15.

As noted above, incarcerated persons have no constitutional right to be free from false charges or fabricated evidence. See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no constitutional right to be free from wrongfully issued disciplinary reports), aff'd without opinion, 168 F.3d 498 (9th Cir. 1999); accord, Sprouse, 870 F.2d at 452; Freeman, 808 F.2d at 951; Hanrahan, 747 F.2d at 1141. The only due process requirements that apply in the prison disciplinary context are the "some evidence" rule of Superintendent v. Hill, 472 U.S. 445, 454 (1985), and the bare-bones procedural requirements of Wolff v. McDonnell, 418 U.S. 539, 558 (1974). Wolff requires only (1) advance, written notice of the charged

violation; (2) an opportunity to prepare for committee appearance; (3) a written statement of fact-finding; (4) the right to present witnesses and evidence where it would not be unduly hazardous to institutional safety; (5) an impartial decision-making body; and (6) assistance if the inmate is illiterate or if issues are complex. Wolff, 418 U.S. at 564-70. The FAC does not allege facts showing violation of the Wolff requirements. Because the rights of criminal defendants do not apply in the prison disciplinary context, id. at 556, the falsification of documents and withholding of exculpatory evidence do not violate due process and cannot support relief. Accordingly, the facts presented do not state a claim.

### IV. Leave to Amend

Because plaintiff may be able to allege additional facts and/or provide information to remedy the deficiencies in the FAC, he will be given the opportunity to amend. When amending the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must identify each defendant by name and with specificity as well as allege in specific terms how each one is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Arnold, 637 F.2d at 1355; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted) (brackets added).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a second amended complaint, the previous complaints no longer serve any function in the case. Therefore, in an

amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. <u>Plain Language Summary of This Order for a Pro Se Litigant</u>

You are being given a second and final opportunity to amend your complaint. In deciding whether to amend, keep in mind that an Eighth Amendment claim can only go forward regarding your transportation in restraints if you were physically injured, either deliberately or with deliberate indifference to your safety, or something about the way you were restrained amounted to excessive force. You can only state an Eighth Amendment claim regarding ad seg placement if the conditions in ad seg were dangerous or otherwise violated minimum constitutional standards. "Deliberate indifference" to the truth of the RVR charge cannot support an Eighth Amendment claim. The falsification of documents or evidence, and the withholding of evidence of your innocence, cannot support a claim under either the Eighth Amendment or the Due Process Clause. You can only bring a due process claim related to an RVR or hearing if the <u>Wolff</u> procedural rules were violated.

You are free to amend the FAC in its entirety if you so choose, provided that your claims relate to the same events and defendants that you have described to date. You will be given thirty days to file a second amended complaint.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a second amended complaint within thirty days of the date of this order.

Plaintiff is cautioned that failure to file an amended complaint within the time allotted will result in a recommendation that this action be dismissed for the reasons stated above.

DATED: July 12, 2022

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE